IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3083 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| RANETTE D. BECKER, | ) | |
| | ) | |
| Defendant. | ) | |

A Petition for Offender under Supervision was filed on October 25, 2010. When the defendant appeared before the court on November 30, 2010, the government moved for detention. The issue of detention was held in abeyance because the defendant was in state custody.

The defendant remains in state custody. However, she has received a substance abuse evaluation recommending that she participate in short-term residential treatment program capable of providing care for her mental health issues. Ms. Becker is an appropriate candidate for the short-term treatment program at St. Monica's and due to her previous IV drug use, a bed is available on Thursday, January 6, 2011, at 10:00 a.m.

Accordingly,

IT IS ORDERED:

1) The defendant's motion to review detention, (filing no. 52), is granted.

2) The defendant shall comply with all terms and conditions of her supervised release which were imposed at sentencing except as follows:

> If released from state custody, and subject to the availability of an opening at St. Monica's, the defendant shall be released to reside at St. Monica's in Lincoln, Nebraska and participate in that facility's Substance Abuse Treatment Program. The defendant shall fully comply with the requirements of her treatment plan and

        all rules of the St. Monica's facility. If the defendant is discharged from the facility for any reason whatsoever, or leaves the premises of the facility without authorization, the United States Marshal, and/or any law enforcement officer is ordered to take the defendant into custody and detain her pending a prompt hearing before the court.

3) When and if the defendant is released from state custody, if an opening is not yet available at St. Monica's, the defendant shall be held in the custody of the United States Marshal until an opening becomes available. When an opening for the defendant becomes available at St. Monica's, and provided the defendant is then in the Marshal's custody, defendant's counsel shall promptly contact the chambers of the undersigned magistrate judge who will, in response, contact the Marshal with further directions for defendant's release to treatment.

4) At the time of defendant's release to treatment, the U.S. Marshal's office shall provide her with a 30-day supply of any currently prescribed medication.

December 23, 2010.        BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge